T.C. Summary Opinion 2008-125

UNITED STATES TAX COURT

KANOKWAN SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10405-07S.          Filed September 18, 2008.

Kanokwan Smith, pro se.

<u>Nina S. Kang</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent denied petitioner's dependency exemption deductions, additional child tax credits, child or dependent care credits, and head of household filing status, determining an $8,134 deficiency in petitioner's 2005 Federal income tax.[1] The issues remaining for decision are whether petitioner is entitled to dependency exemption deductions and child tax credits for her partner's (Mr. Little) three minor children.[2]

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in California.

Petitioner and Mr. Little have lived together since November 2001. During 2005 they cohabited in Alaska. Petitioner and Mr. Little married in a religious ceremony, but they did not obtain a marriage license. Petitioner and Mr. Little held themselves out as husband and wife, and "Everybody knew * * * [that they had

---

[1]Respondent concedes that petitioner's two biological children are petitioner's qualifying children and dependents.

Petitioner's entitlement to head of household filing status and child or dependent care credits was not argued by the parties. Respondent's concessions resolve these issues as to petitioner's dependents. See secs. 2(b), 21(a).

[2]The children were 10, 8, and 7 years old in 2005.

married, religiously]".  Mr. Little's children have no contact with their biological mother and regard petitioner as their mother.  Petitioner provided the sole support for their family during 2005 while Mr. Little (and his three children) attended a religious and language school in Yemen.

Petitioner filed her 2005 Form 1040, U.S. Individual Income Tax Return, claiming head of household status, dependency exemption deductions, child tax credits, additional child tax credits, and child or dependent care credits.

## Discussion

### I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  But the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner if the taxpayer introduces credible evidence with respect to the issue.  See sec. 7491(a)(1).  There is no dispute as to any factual issue.  Accordingly, this case is decided by the application of law to the undisputed facts, and section 7491(a) is inapplicable.

### II.  Dependency Exemption Deductions

Generally, taxpayers may claim dependency exemption deductions for their dependents (as defined in section 152).  See

sec. 151(c). The term "dependent" includes a "qualifying child" or "qualifying relative." Sec. 152(a). A qualifying child is a child who bears a certain relationship to the taxpayer. Sec. 152(c)(1)(A). The relationship exists if the claimed dependent is the taxpayer's: (1) Child or descendant of such child; or (2) brother, sister, stepbrother, stepsister, or a descendant of any such relative. Sec. 152(c)(2). The term "child" means an individual who is the taxpayer's son, daughter, stepson, stepdaughter, an adopted individual, or an "eligible foster child". Sec. 152(f)(1).

Petitioner was not related to Mr. Little's children by blood, she had not legally adopted the children, and they were not her eligible foster children in 2005. Thus, petitioner's entitlement to the dependency exemption deductions hinges on whether the children are petitioner's stepsons or stepdaughters. See sec. 152(c)(1)(A), (2)(A), (f)(1).

Petitioner and Mr. Little argue that petitioner is entitled to dependency exemption deductions and child tax credits for Mr. Little's children because they cohabited in a common law marriage and she provided the family's sole support during 2005. Mr. Little testified: "we got married in our mass, in our religious organization, so after being together so many years, it was recognized as such * * * she had no problem with rights over the kids in Alaska."

Generally, a person's marital status, as determined by State law, "is recognized in the administration of the Federal income tax laws." Rev. Rul. 58-66, 1958-1 C.B. 60; see also von Tersch v. Commissioner, 47 T.C. 415, 419 (1967); cf. Peveler v. Commissioner, T.C. Memo. 1979-460; Ross v. Commissioner, T.C. Memo. 1972-122. Alaska Stat. sec. 25.05.011(a) (2006) provides: "Marriage is a civil contract * * * that requires both a license and solemnization." See also Alaska Stat. secs. 25.05.011(b) ("A person may not be joined in marriage in this state until a license has been obtained"), 25.05.061 ("A marriage * * * is void unless a license has first been obtained"); Harrelson v. Harrelson, 932 P.2d 247, 250 (Alaska 1997) ("Alaska does not recognize common law marriages.").

Because Alaska law does not recognize common law marriages, it follows that petitioner and Mr. Little were not married for Federal income tax purposes and his children were not petitioner's stepsons or stepdaughters. See von Tersch v. Commissioner, supra at 421-422. Therefore, Mr. Little's children were not petitioner's qualifying children in 2005.

In pertinent part, section 152(d)(1)(D) defines a qualifying relative as an individual who is not a qualifying child of any other taxpayer for the taxable year.

Mr. Little's children are his qualifying children.  See sec. 152(c)(1)(A), (2)(A).  Thus, Mr. Little's children are not petitioner's qualifying relatives.  See sec. 152(d)(1)(D).

On the basis of the foregoing, petitioner is not entitled to dependency exemption deductions for Mr. Little's children for 2005, and respondent's determination is sustained.

III.  <u>Child Tax Credits</u>

Generally, taxpayers may claim child tax credits for each qualifying child (as defined in section 152(c)) under age 17. See sec. 24(a), (c)(1).

Because Mr. Little's children are not petitioner's qualifying children, she is not entitled to child tax credits for those children, and respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.